■ In the Matter of the Claim of THELMA BOLDEN, Respondent. DANIEL E. NOONAN, INC., Appellant; PHILIP ROSS, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 3, 1976, which affirmed the decision of a referee reversing an initial determination of the Industrial Commissioner that claimant was disqualified from receiving benefits effective September 27, 1975 because she lost her employment through misconduct. The referee sustained the initial determination of the commissioner reducing claimant's

future benefits by four effective days because of a willful false statement to obtain benefits. The claimant took no appeal from the referee's determination of willful misrepresentation and the penalty imposed therefor. Claimant, a clerk-typist, worked for appellant Daniel E. Noonan, Inc., from August, 1973 until September 26, 1975 when she was discharged. Although claimant in her original application for benefits stated she was not working because "Lay off. No work", she testified on the hearing before the referee that she was discharged and when the referee asked her why she was discharged, she said she was told because of "your lateness and absences". The board found "there was no competent evidence to show that claimant had been late as contended by the employer", and concluded that "claimant was discharged for the convenience of the employer" and overruled the initial determination of misconduct in connection with her employment. The board was clearly in error in finding there was no competent evidence that claimant was frequently late for work and absent. The employer's employment records produced at the hearing showed claimant was absent one day and late 15 times in the last 24 days of her employment. These records are competent evidence (CPLR 4518). In reply to the referee's question, "Had you been late getting to work?", claimant testified, "Maybe five minutes. Between three and five minutes. One or two days maybe per week." Claimant's testimony is certainly competent evidence and, in fact, supports appellant's claim. The weight and credibility to be given to the competent evidence is within the sole province of the board *(Matter of Partello [Levine]*, 49 AD2d 773). The decision must be set aside and the proceedings remitted to the board for a redetermination in which the board considers as competent evidence the employer's employment records for claimant and the admissions in claimant's testimony. Decision reversed, without costs, and matter remitted to the board for further proceedings not inconsistent herewith. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.